STATE OF NEW YORK
SUPREME COURT          COUNTY OF ULSTER

---

Sherry Russell, Individually, and on behalf of All Others Similarly Situated,

          Plaintiffs,

vs.

Healthalliance Hospital Broadway Campus, and Ciox Health, LLC,

          Defendants.

**SUMMONS**

Index No.

---

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiffs' attorneys an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: September 4, 2020

                                      John H. Fisher
                                      John H. Fisher, P.C.
                                      Attorneys for Plaintiffs
                                      278 Wall Street
                                      Kingston, New York 12401
                                      (845) 802-0047

Trial is desired in the County of Ulster.

The basis of venue designated above is that the plaintiff, Sherry Russell, resides in Ulster County.

STATE OF NEW YORK
SUPREME COURT          COUNTY OF ULSTER

---

Sherry Russell, Individually, and on behalf of All Others Similarly Situated,

          Plaintiffs,

vs.

Healthalliance Hospital Broadway Campus, and Ciox Health, LLC,

          Defendants.

**VERIFIED COMPLAINT**

Index No.:

---

Plaintiff, Sherry Russell, individually and on behalf of all others similarly situated, by and through her attorneys, John H. Fisher, P.C., as and for a verified complaint against the defendant, alleges as follows:

1. Plaintiff resides in the County of Ulster, State of New York.

2. Plaintiff, Sherry Russell, was the wife of Charles Russell.

3. Charles Russell died on October 28, 2019.

4. Plaintiff's decedent, Charles Russell, received nursing care, treatment, examinations, and assessment through defendant, Healthalliance Hospital Broadway Campus, through its physicians, agents, servants, employees, associates, and subcontractors between 2017 and 2019.

5. Upon information and belief, defendant, Healthalliance Hospital Broadway Campus, is and was a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business in Ulster County, State of New York.

6. Defendant, Healthalliance Hospital Broadway Campus, was and is engaged in conducting the business of operating a hospital and medical care facility in the City of Kingston, County of Ulster, State of New York.

7. In the furtherance of its business, the defendant, Healthalliance Hospital Broadway Campus, through its agents, servants, employees, and/or designees, would examine, diagnose, treat, and provide health care to patients admitted to its facility.

8. In the furtherance of its business, the defendant, Healthalliance Hospital Broadway Campus, through its agents, servants, employees, and/or designees, would examine, diagnose, treat, and provide health care to patients admitted to its facility.

9. Upon information and belief, defendant, Healthalliance Hospital Broadway Campus, held itself out to the general public in Kingston, New York, and its environs, to be a competent and skilled medical care facility for the purpose of providing and rendering medical care and treatment.

10. Upon information and belief, Healthalliance Hospital Broadway Campus entered into an agreement with Ciox Health, LLC (hereinafter "Ciox"), pursuant to which Ciox assumed the duty of responding to medical records requests.

11. Ciox Health, LLC is a Georgia corporation authorized to do business in New York and whose principal place of business is in Fulton County, State of Georgia.

12. The plaintiff's decedent was admitted to the Healthalliance Hospital Broadway Campus and received treatment at the Healthalliance Hospital Broadway Campus.

13. The plaintiff engaged the undersigned attorneys for representation in a potential lawsuit regarding the alleged delay in the diagnosis and treatment of lung cancer at the Healthalliance Hospital Broadway Campus, which resulted in the death of Charles Russell on October 28, 2019.

14. Plaintiff ordered the plaintiff's decedent's medical records from the Healthalliance Hospital Broadway Campus in April, 2020.

15. Plaintiff's request for the plaintiff's decedent's electronic medical records included a properly executed release authorization, power of attorney and certified death certificate.

16. 45 C.F.R. section 164.524(b)(2) states that the healthcare provider has 30 days to comply with the request for medical records.

17. Section 18 of New York's Public Health law states that the healthcare provider has 10 days to comply with the request for medical records.

18. On numerous occasions between April, 2020 and September 3, 2020, plaintiff contacted the Healthalliance Hospital Broadway Campus and Ciox Health, LLC to obtain the plaintiff's decedent's medical records.

19. To date, the Healthalliance Hospital Broadway Campus and Ciox Health, LLC have failed and refused to provide the plaintiff's decedent's medical records to the plaintiff.

20. The HITECH Act of 2009 specifically provides that the individual, not the healthcare provider, gets to choose the method for obtaining the medical records. 42 C.F.R. section 164.524(b)(1).

21. The HITECH Act of 2009 grants the individual the right to obtain their medical records in an electronic format. 42 C.F.R. section 164.524(b)(1).

22. When an individual requests access to private health information that the covered entity maintains electronically, the covered entity must provide the individual with access to the information in the requested electronic form and format. 45 C.F.R. section 164.524(c)(2)(i).

23. The fees that a healthcare provider can charge to respond to a HITECH medical records request are limited by 45 C.F.R. section 164.524(c)(4).

24. When direct requests are made by a patient, they have the right to insist upon the production of electronic medical records for the customary fee of $6.50, pursuant to the HITECH Act of 2009. 45 C.F.R. section 164.524(c)(4).

25. Defendant, Healthalliance Hospital Broadway Campus, attempted to assign the responsibility of responding to patients' requests for their medical records to Ciox Health, LLC, a medical records management company based in the State of Georgia.

26. Defendant, Healthalliance Hospital Broadway Campus, is a covered entity under the HIPAA and the HITECH Act.

27. Defendant, Healthalliance Hospital Broadway Campus is liable for the violations of its business associate, Ciox Health, LLC, when they act as the covered entity's agent. 45 C.F.R. section 160.402(c).

28. Ciox Health, LLC refused to comply with the plaintiff's requests for the plaintiff's electronic medical records.

29. Ciox Health, LLC insisted upon the payment of photocopy fees applicable to physical copies of medical records.

30. Neither plaintiff, nor her attorneys, hired Ciox Health, LLC as their agent.

31. Neither plaintiff, nor her attorneys, consented to Ciox Health, LLC's charges.

32. 42 U.S.C. section 1320d-5 specifically provides for penalties of $50,000 per violation up to a maximum of $1,500,000 of fines for each calendar year.

33. Pursuant to Article 9 of the Civil Practice Law and Rules, plaintiff brings this action on her own behalf, and on behalf of all others similarly situated.

34. The Class represented by plaintiff, Sherry Russell, consists of: All adult patients or guardians of adult patients (or of the adult patient's estate), parents or guardians of minor patients, or personal representatives or distributees of deceased patients, who: (a) requested medical records from the Kingston Hospital and/or Ciox Health, LLC; (b) by themselves, or through an attorney or any other individual or entity with the appropriate authorization; and (c) were charged by Kingston Hospital and/or Ciox Health, LLC, an unreasonable fee in excess of federal and/or New York State law for electronic copies of medical records, which are distinct from paper copies and photocopies.

35. Class certification is appropriate for the benefit of the plaintiff and Class Members, under Article 9 of the Civil Practice Law and Rules, because: (a) members of the class are so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Class; (c) the claims of the plaintiff are typical of the claims of the Class; and (d) plaintiff will adequately protect the interests of the Class.

36. The Class is comprised of hundreds, if not thousands, of individuals who were overcharged for the retrieval and copying of their electronic medical records, making joinder impractical.

37. The Class is composed of an easily ascertainable set of persons who were overcharged for the retrieval and copying of electronic medical records.

38. Class members are easily identifiable from records maintained by, and in the possession, of the defendant, or otherwise readily obtainable from third parties.

39. Questions of law and fact that are common to the plaintiff and Class Members' claims include: (a) whether defendant's conduct violated the HITECH Act of 2009; (b) whether plaintiff and the Class Members are entitled to equitable relief, and if so, the nature of such relief; (c) whether compensatory or other damages should be awarded to plaintiff and Class Members.

40. The plaintiff's claims are typical of the claims of the Class and these common claims predominate over any questions affecting only individuals.

41. The plaintiff, Sherry Russell, has the same interests as other members of the Class and will vigorously prosecute those interests on behalf of the Class.

42. Class certification is appropriate under CPLR section 901 because the defendant has acted, and refused to act, on grounds generally applicable to the Class, making relief appropriate for the benefit of the plaintiff and the Class.

43. Plaintiff and the Class seek injunctive relief in the form of defendant being enjoined from charging unreasonable fees for medical records in the future.

44. A class action is superior to other methods of adjudicating this controversy under Article 9 of the CPLR because: (a) the small amount of damages substantially

limits Class Members' ability and motive to prosecute the action individually; (b) there has been little, if any, litigation already commenced by members of the Class to determine the questions presented; (c) even if any individual Class Members could afford separate litigation, it would be economically inefficient and unduly burdensome to the court, in which the individual cases would proceed; and (d) due to the fact that plaintiff and Class Members' claims arise from a common nucleus of operative facts, the class action device will provide the benefits of economies of scale and comprehensive adjudication by a single court.

45. The defendants' clear, knowing, grossly negligent and/or intentional violation of federal and New York law by overcharging plaintiff/Class Members for the electronic medical records has caused plaintiff/Class Members damages, including economic harm, a loss of interest and litigation fees and costs.

46. One or more of the exceptions, including the non-delegable duty and respondeat superior set forth in CPLR Section Sixteen Hundred Two, part 2(iv), applies to this action or claim for damages.

## AS AND FOR A FIRST CAUSE OF ACTION

47. Plaintiff repeats and realleges those allegations in the complaint marked and designated as paragraphs "1" through "46" above, with the same force and effect as if more fully set forth herein, and further alleges:

48. Defendants' clear, knowing, grossly negligent and/or intentional violation of federal law by overcharging plaintiff for the plaintiff's decedent's electronic medical records has caused plaintiff damages, including, but not limited to, economic harm, a loss of interest, and litigation fees and costs.

49. The plaintiffs were harmed by having to pay the defendant's improper charges for simply obtaining electronic medical records.

50. By reasons of the foregoing, plaintiffs have been damaged in a sum of money having a present value that exceeds the jurisdictional limits of al lower courts that would otherwise have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION

51. Plaintiffs repeat and reallege those allegations in the complaint marked and designated as paragraphs "1" through "50" above, with the same force and effect as if more fully set forth herein, and further allege:

52. Defendants violated the HITECH Act of 2019 when they overcharged the plaintiff.

53. Defendants illegally charged $.75 cent per page fee for electronic copies of medical records, which are distinct from paper copies and photocopies.

54. As a direct and proximate cause of defendants' violation of HIPPA and the HITECH Act, plaintiff has suffered economic harm.

55. By reasons of the foregoing, plaintiffs have been damaged in a sum of money having a present value that exceeds the jurisdictional limits of al lower courts that would otherwise have jurisdiction of this matter.

**WHEREFORE**, the plaintiffs demand judgment against the defendants for the following relief:

(a) Certifying a class of all persons who have been wrongfully denied access to their medical records by the defendants, pursuant to Article 9 of the Civil Practice Law and Rules;

(b) For an order establishing a system to identify the Class Members. The details of such system should be evaluated after initial discovery has been conducted;

(c) For an order directing the defendant to return to the Class Members all monies overcharged for copies of their medical records;

(d) Enjoining the defendants from denying access to electronic medical records to the plaintiff and others similarly situated.

(e) For an order prohibiting defendants from continuing to charge unreasonable fees in contravention of the HITECH Act of 2009;

(f) For monetary damages of $50,000 sustained per violation as a result of defendants' violation of HIPAA and/or the HITECH Act, and attorney's fees and costs reasonable incurred in this litigation;

(g) For a reasonable sum of money to compensate the plaintiff for attorneys' fees, disbursements and costs incurred incident to the prosecution of this action; and

(h) For punitive damages in an amount sufficient to deter and serve as an example to other entities not to engage in similar conduct.

Dated: September 4, 2020

*John H. Fisher*
John H. Fisher, P.C.
Attorneys for Plaintiffs
278 Wall Street
Kingston, New York 12401
(845) 802-0047

FILED: ULSTER COUNTY CLERK 09/04/2020 04:27 PM
NYSCEF DOC. NO. 1
Case 1:20-cv-01204-GLS-ATB   Document 2   Filed 09/30/20   Page 10 of 11
INDEX NO. EF2020-2203
RECEIVED NYSCEF: 09/04/2020

10 of 11

## VERIFICATION

STATE OF NEW YORK    )
                     ) S.S.:
COUNTY OF ULSTER     )

Sherry Russell, being duly sworn deposes and says that she is one of the plaintiffs in this action and that the foregoing verified complaint is true to her own knowledge, except as to matters therein stated on information and belief and as to those matters she believes to be true.

_____
Sherry Russell

Sworn to before me on the
4th day of September 2020

_____
Notary Public
State of New York

JOHN H. FISHER
Notary Public, State of New York
No. 02FI6065084
Qualified in Greene County
Commission Expires October 9, 2021